June 7, 1911.

————o————

5351.

(Court of Appeal, Parish of Orleans).

**IN RE. LIQUIDATION OF PETIT & BOH COMPANY.**

Questions of fact only are involved.

Appeal from the Civil District Court, Division "D."

G. Lemle, Chas. Rosen, for appellee.

Denegre & Blair, for appellant.

GODCHAUX, J.—Stauffer, Eshleman and Company, Limited, appeals from a judgment rejecting its opposition to the account of the liquidators wherein it sought to be recognized as a creditor for $1,100, the price of certain bronze grille-work alleged to have been executed and furnished to the liquidators in accordance with a written sub-contract with the latter, who were engaged in executing a contract for the interior furnishing and fixtures for a drug store in Mobile, Alabama.

The liquidators rejected the work, and the main defect and the one upon which the rejection is primarily sought to be justified consists in the variance in width of the wicket-opening and the pediment surmounting same of the grille-work as executed, as compared to that called for by the plans.

It is conceded that the variance exists and the only question with reference to the defect is whether the liquidators or the opponent is chargeable therewith.

The agreement specified that the liquidators were "to furnish all necessary detailed drawings and such information as first party (opponent) may require;" and shortly after the detailed plans, which were drawn to the full size of the work, had been received, the opponent objected thereto on the ground that the measurements were not indicated thereon and served notice that it could not proceed with the work until these measurements were supplied. Thereupon a series of letters passed between the parties wherein the opponent insisted that its request be complied with, and the liquidators, on the other hand, maintained that the plans submitted were sufficient for all purposes. The opponent then forwarded to the liquidators a plan, known as "M. 3," indicating thereon the measurments which they desired and requested that they be checked and, if found correct, be approved and the plan returned.

The liquidators having returned the plan without approval, the opponent again forwarded the plan to the former with the request that they either approve it or submit it to the architect in charge for that purpose. On the following day the plans having been again returned to opponent, the latter again forwarded same to the liquidators and repeated their request that same be approved either by them or by the architect. On August 10th the liquidators advised the opponent that they had taken up the matter with the architect; that they had changed certain measurements indicated on the plan, "M. 3" and their communication further recited that "the other figures on the said plan appear to us to be correct."

Among the "other figures" thus referred to was the measurement on plan "M. 3," indicating the width of

the wicket-opening and this measurement, which was adopted by the opponent in executing the work, varies from the width called for by the detailed drawings.

The opponent claims that the letter of August 10th constitutes an approval of the measurement shown in plan "M. 3" and justifies its adoption thereof in the execution of the work. The court is of opinion that this claim is well founded and that the facts above recited clearly demonstrate that the variance of which the liquidators complain was chargeable to the latter's approval of the plan or measurement which was followed in executing the work.

A second complaint on the part of the liquidators is to the effect that the pilasters do not correspond with the off-set of the marble base, cannot be entertained, for the reason that the defect is due directly to the change in width of the wicket-opening referred to above. So also this change necessitated a re-spacing of the grille-work at the corners, as well as a change in the curvature of the corners; and as the plans themselves specifically required that all necessary adjustment should be made at these corners, it is difficult to conceive what justification exists for the complaint of the liquidators on this score.

This same change of width in the wicket-opening had the effect of enlarging the pediment which surmounted the latter. As a consequence of this the wreath furnished by the liquidators to the opponent rested wholly within the flat surface of the pediment, when, as the liquidators claim, it should have intersected the moulding of the pediment. No detail design of the pediment with the wreath in place was furnished the opponent, but the blue print upon which the opponent originally made its bid, contained a rough design of this pediment, which shows the wreath in the identical position it presently occupies in the work as executed. It is clear that the defect com-

— 403 —

plained of is due to the change in the wicket-opening, and that moreover the opponent was justified, in the absence of a detail design of the pediment showing the wreath in place, in following the design thereof contained in the original blue print.

As to the other complaints, which are of minor importance and would not have justified the rejection of the work, the evidence is somewhat meagre. It does establish, however, that the "antique verde finish" is not up to the sample furnished and that the posts should have been panelled on four sides instead of two.

Opponent's claim should have been recognized as prayed for by it, less the cost of correcting the defects designated above in the "finish" and in the panelling of the posts; but as this cost is not shown in the record before us, the case will be remanded for the purpose of determining same, reserving to the parties the right to agree in this court as to the amount of said cost and to re-open the case for final adjudication.

It is, therefore, ordered, that the judgment appealed from be reversed and that, subject to the reservation above noted, the cause be remanded for further proceedings according to law and for the purposes herein expressed, the costs of both courts to be borne by the estate administered.

June 7, 1911.

--------o--------

5363.

(Court of Appeal, Parish of Orleans).